PONDER, Judge.
This is a suit by the Parish of East Baton Rouge to require Industrial Enterprises, Inc. to sign a contract or alternatively to require Industrial Enterprises, Inc. and Commercial Union Insurance, its surety, to pay the amount of a bid bond. The trial court granted a motion for summary judgment filed by the defendants. Plaintiff has appealed.
The issue before this court is whether or not there is a binding contract between the parties. We affirm.
On November 20, 1973, plaintiff received bids for street paving. Industrial was the low bidder. On December 12, 1973, the Parish Council for the Parish of East Baton Rouge adopted Resolution Number 10833 which accepted the bid of Industrial and “awarded” it the contract. Plaintiff gave Industrial notice by letter of December 20, 1973. After approval and review of various governmental agencies as required by LSA-R.S. 33:3689.1 through 3689.17, plaintiff-appellant mailed on September 26, 1974, a written contract to Industrial for signature. On October 11, 1974, Industrial informed the Parish of East Baton Rouge by letter that Industrial would not perform the work because “more than 180 days . (had) elapsed since the proposal was made,” and that “the extraordinary delays involved with this particular project and the resulting price increases . (made) it impossible for . (Industrial) to honor . . . (the) bid almost one year later.”
Plaintiff cites Cox-Hardie Company v. Rabalais, La.App., 162 So.2d 713 (4th Cir. 1964) and argues that since the parties had agreed to all essential terms of the contract and the agreement was complete in itself, the refusal of Industrial to sign the written document did not destroy the effect of the contract already negotiated. It is plaintiff-appellant’s contention that the Parish Council’s acceptance of the bid by resolution on December 12, 1973, made the bid irrevocable from that point on.
However paragraph 24.00 of the bid proposal specifically provides that: “No contract shall be considered as effective until it has been fully executed by all of the parties thereto.” Furthermore in paragraphs 21.00 and 22.00 the plaintiff makes a clear distinction between an “award” and a contract. The latter paragraph reserves to the *369 Council the right to cancel without liability an “award” of any contract prior to the execution of the contract.
The bid proposals required the bid be firm for a period of 180 days but “in the event that all legal formalities have not been completed within the 180 day period the contractor will be contacted by the Department of Public Works to negotiate an extension of time.” Thus for the bid to be outstanding beyond the 180 days, the Department of Public Works must have, at the least, made contact for the negotiation of an extension. There is no contention that such contact was made.
Plaintiff-appellant further contends that even if a written agreement is deemed necessary, when the written contract was tendered by plaintiff on September 26, 1974, and Industrial waited until October 11, 1974, to revoke the bid offer and refuse to sign the contract, a contract came into existence pursuant to La.C.C. Art. 1801.
This Code Article reads as follows:
“The party proposing shall be presumed to continue in the intention, which his proposal expressed, if, on receiving the unqualified assent of him to whom the proposition is made, he do not signify the change of his intention.”
In order for plaintiff to avail itself of the terms of this article, the acceptance must be within a reasonable time under the circumstances. Here, the written offer was “firm” for only 180 days, and subject to negotiation for an extension. An “acceptance” almost six months late certainly was not within a reasonable time. The only obligation imposed on Industrial after 180 days was the requirement to attempt to negotiate for an extension.
Therefore, the decision of the court below is affirmed; appellant is to pay all costs.
AFFIRMED.